IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| JOHN DOE, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CASE NO. 1:24-cv-631 |
| § | |
| KANAKUK KAMPS, INC., KANAKUK § | |
| MISSOURI, INC., KANAKUK § | |
| MINISTRIES, KANAKUK HERITAGE, § | |
| INC., K-KAMPS, INC., KUKORP, LLC, § | |
| JOE WHITE, and ACE AMERICAN § | |
| INSURANCE COMPANY. § | |
| § | |
| *Defendant*s. § | |

## KANAKUK DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Kanakuk Missouri, Inc., Kanakuk Ministries, Kanakuk Heritage, Inc., K-Kamps, Inc., Kukorp, LLC, and Joe White (collectively, "Kanakuk Defendants") remove this civil action to the United States District Court for the Western District of Texas from the 459th District Court of Travis County, Texas. In support of this Notice of Removal,[1] Kanakuk Defendants state as follows:

### I.   PROCEDURAL HISTORY

1. Kanakuk Defendants attach the state court file, which includes any and all processes, pleadings, and orders served upon it, as required by 28 U.S.C. § 1446(a). (*See* Ex. B).

2. On May 10, 2024, Plaintiff John Doe ("Plaintiff") filed his Original Petition in the 459th Judicial District Court of Travis County, Texas, Cause No. D-1-GN-24-002975 against Kanakuk Kamps, Inc., Kanakuk Missouri, Inc., Kanakuk Ministries, Kanakuk Heritage, Inc., K-Kamps, Inc., Kukorp, LLC, Joe White, and Ace American Insurance Company ("Defendant Ace").

---

[1] *See* Ex. A, Civil Cover Sheet seeking removal to the Western District of Texas.

(*See* Ex. B, which includes Plaintiff's Original Petition).

3. On May 15, 2024, Plaintiff served the Original Petition and citation on all defendants, except Kanakuk Kamps, Inc., which had already ceased to exist, as explained below. (*See id.*, which includes Executed Returns of Service and Amended Returns of Services).

4. Plaintiff's Original Petition asserts seven (7) causes of action:

 a. Fraud (all Defendants)

 b. Conspiracy (all Defendants)

 c. Breach of Fiduciary Duty (Kanakuk Defendants)

 d. Negligence (Kanakuk Defendants)

 e. Negligent Hiring, Supervision, Training, and Retention (Kanakuk Defendants)

 f. Negligent Undertaking (Kanakuk Defendants)

 g. Gross Negligence (Kanakuk Defendants)

(*See generally id.*, Plaintiff's Original Petition).

## II.  GROUNDS FOR REMOVAL – DIVERSITY JURISDICTION

5. Diversity jurisdiction exists in this matter pursuant to 28 U.S.C. § 1332(a), which provides for original jurisdiction in the district court of all civil actions between citizens of different States where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### A.  All Defendants Consent to Removal of the Action.

6. The "rule of unanimity" codified at 28 U.S.C. § 1446(b)(2)(A) requires that "all defendants who have been properly joined and served must join or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); *see Quiroga v. Denha*, No. 1:20-CV-00236-RP, 2020 WL 13199008, at *2 (W.D. Tex. Aug. 12, 2020).

7. For a party to satisfy the rule of unanimity, the district court must timely receive either "(1) a filed written indication of consent from the non-removing defendant itself on which the court can bind the allegedly consenting defendant; or (2) **a statement from the removing defendant that it has been authorized to formally (or otherwise) represent to the court on behalf of the non-removing defendant that the non-removing defendant had consented to the removal**." *Quiroga*, 2020 WL 13199008 at *2 (internal citations and quotations omitted) (emphasis added).

8. Counsel for Kanakuk Defendants has discussed removal with counsel for Defendant Ace, who has confirmed his client's consent to the removal of this action and has authorized representation to the Court that it consents to removal. (*See* Ex. C, Declaration of Rachel Kim-Walter, at ¶ 3).

9. Accordingly, because Defendant Ace consents to the removal of this action to federal court, all defendants properly joined and served have consented to the removal of this action for purposes of 28 U.S.C. § 1446(b)(2)(A).

**B.    Complete Diversity of the Parties Exists.**

10. Cases arising under 28 U.S.C. § 1332 require "complete diversity," meaning all persons on one side of the controversy must "be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008).

11. For purposes of diversity jurisdiction with respect to individuals, "[c]itizenship for an individual is synonymous with the person's domicile." *George v. SI Group, Inc.*, No. 20-40427, 2021 WL 5095981, at *1 (5th Cir. Nov. 2, 2021).

12. For purposes of diversity jurisdiction with respect to corporations, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or

foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also MidCap Media Fin., L.L.C. v. Pathway Data*, Inc., 929 F.3d 310, 314 (5th Cir. 2019). In contrast, the citizenship of a limited liability company (LLC) is "determined by the citizenship of all its members." *Midcap*, 929 F.3d at 314.

13. Notably, the citizenship of the parties is determined at the time of the filing of the action in state court and at the time of removal to federal court. *See Ashford v. Aeroframe Servs., L.L.C.*, 907 F.3d 385, 386-87 (5th Cir. 2018) ("[D]iversity of citizenship must exist *both* at the time of filing in state court and at the time of removal to federal court."); *see also Harris v. Black Clawson Co.*, 961 F.2d 547, 549–50 (5th Cir. 1992) ("Whether diversity jurisdiction exists is determined by examining the citizenship of the parties at the time suit was filed.").

14. Plaintiff asserts in his Petition that he resides in Travis County, Texas. (*See* Ex. B, Plaintiff's Original Petition, at ¶ 1).

15. At the time of filing this action in state court and at the time of filing this Notice of Removal:

   a. Kanakuk Heritage, Inc. is incorporated and has its principal place of business in the State of Missouri. (*See* Ex. D, Kanakuk Defendants Secretary of State filings).

   b. Kanakuk Ministries is incorporated and has its principal place of business in the State of Missouri. (*See id.*).

   c. Kukorp., LLC is made up of one member, Debbie-Jo White, who is a citizen of the State of Missouri. (*See* Ex. C, Declaration of Rachel Kim-Walter, at ¶ 4).

   d. K-Kamps, Inc. has been an inactive and dissolved corporation since March 18, 2010. At the time of dissolution, K-Kamps, Inc. was incorporated and had its

       principal place of business in the State of Missouri. (*See* Ex. D, Kanakuk Defendants Secretary of State filings).

    e. Joe White is a citizen and domiciled in the State of Missouri. (*See* Ex. C, Declaration of Rachel Kim-Walter, at ¶ 5).

    f. Defendant Ace is incorporated and has its principal place of business in the State of Pennsylvania. (*See* Ex. E, Defendant Ace Secretary of State Filings).

16. Plaintiff incorrectly alleges that Kanakuk Kamps, Inc. is an active Texas corporation. (*See* Ex. B, Plaintiff's Original Petition, at ¶ 2). Kanakuk Kamps, Inc. was not an active Texas corporation at the time of the filing this action or at the time of removal, as it was merged with a Missouri corporation and ceased to exist as a result of the merger.

17. Effective January 1, 2006, Kanakuk Kamps, Inc. (formerly a Texas corporation) merged with Kanakuk Missouri, Inc. (a Missouri corporation), with the surviving corporation being Kanakuk Missouri, Inc., a corporation organized under the laws of Missouri and with its principal place of business in Missouri.[2] (*See* Ex. D, Kanakuk Defendants Secretary of State filings).

18. Effective January 1, 2006, Kanakuk Missouri, Inc. changed its name to Kanakuk Kamps, Inc., a corporation organized under the laws of Missouri with its principal place of business in Missouri.[3] (*See id.*).

19. Because the original "Kanakuk Kamps, Inc." to which Plaintiff is referring to ceased to exist after the merger, only the citizenship of the surviving entity, Kanakuk Missouri,

---

[2] Plaintiff admits in the Original Petition that Kanakuk Missouri, Inc. was the surviving corporation. (*See* Ex. B, Plaintiff's Original Petition, at ¶ 3).

[3] Effective January 1, 2009, Kanakuk Kamps, Inc. subsequently changed its name to Kanakuk Heritage, Inc. As stated above, Kanakuk Heritage, Inc. is incorporated and has its principal place of business in the State of Missouri. (*See id.*).

Inc., is relevant for determining citizenship; and Kanakuk Missouri, Inc. is solely a citizen of the State of Missouri. *See 1400 FM 1417 LLC v. Certainteed Corp.,* No. 4:21-CV-00847, 2022 WL 906192, at *4 (E.D. Tex. Mar. 28, 2022) ("[W]here there has been a merger of corporations, the citizenship of the surviving corporation is controlling for diversity purposes.") (internal citation and quotation omitted).

20. Moreover, as of the filing of this Notice of Removal, Plaintiff has not effectuated service of process on Kanakuk Kamps, Inc. (*See* Ex. B, which includes Amended Returns of Service). The Fifth Circuit has expressly approved pre-service removal of a diversity action. *See Texas Brine Co., LLC v. Am. Arbitration Ass'n., Inc.*, 955 F.3d 482 (5th Cir. 2020) (holding that 28 USC § 1441(b)(2) precludes removal only when the forum defendant has been served).

21. Therefore, removal is not sought by any defendant who has been properly joined and served and that is a citizen of Texas. *See* 28 U.S.C. § 1441(a)-(b).

22. Complete diversity of citizenship exists here because Plaintiff is a citizen of Texas, Defendant Ace is a citizen of Pennsylvania, and Kanakuk Defendants are citizens of Missouri.

**C.     The Amount in Controversy Exceeds $75,000.**

23. Plaintiff's Original Petition asserts that "Plaintiff's claims are in excess of $1,000,000.00" (*See* Ex. B, Plaintiff's Original Petition, at ¶ 13).

24. Thus, removal is proper because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**III.    ADDITIONAL REQUIREMENTS**

25. Removal is proper to the United States District Court for the Western District of Texas, Austin Division, because this district and division includes Travis County, Texas, which is the location of the pending state court action. 28 U.S.C. §§ 1441(a) & 1446(a).

26.     Under 28 U.S.C. § 1446(b), this removal is timely. This Notice of Removal is filed within 30 days of May 15, 2024, the date that Kanakuk Defendants were served.

27.     No claim in this matter has been made non-removable by statute.

28.     In accordance with 28 U.S.C. § 1446(d), Kanakuk Defendants will promptly file a copy of this Notice of Removal with the Clerk of the 459th Judicial District Court of Travis County, Texas, in Cause No. D-1-GN-24-002975.

29.     Kanakuk Defendants reserve the right to submit additional evidence to support removal as appropriate in future circumstances, or to amend this Notice of Removal.

30.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant Kanakuk's rights to assert any claims, defenses, or other motions permitted under the Federal Rules of Civil Procedure or any state or federal statute, rule, or otherwise.

**IV.    CONCLUSION**

For all the reasons above, having satisfied the requirements for removal under 28 U.S.C. §§ 1332, 1441, & 1446, Defendants Kanakuk Missouri, Inc., Kanakuk Ministries, Kanakuk Heritage, Inc., K-Kamps, Inc., Kukorp, LLC, and Joe White give notice that Cause No. D-1-GN-24-002975 in the 459th Judicial District Court of Travis County, Texas has been removed to this Court.

Dated:  June 7, 2024	Respectfully submitted,

**HUSCH BLACKWELL LLP**

By: */s/ Lorinda Holloway*
Lorinda Holloway, TX Bar No. 00798264
111 Congress Avenue, Suite 1400
Austin, TX 78701
Office: (512) 479-1149
Fax No: (512) 479-1101
lorinda.holloway@huschblackwell.com

**ATTORNEY FOR KANAKUK DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that this document was served on the below-listed counsel of record for the Plaintiff via CM/ECF and e-mail on June 7, 2024, and via First Class U.S. Mail and Certified Mail, Return Receipt Requested in accordance with the Federal Rules of Civil Procedure on June 7, 2024:

***VIA CM/ECF, VIA E-MAIL,***
***VIA FIRST CLASS MAIL, AND***
***VIA CM, RRR*** # 9590 9699 0430 0122 0848 71
***VIA CM, RRR*** # 9590 9699 0430 0122 0867 45

Zeke Fortenberry
Tahira Khan Merritt
zeke@fortenberryfirm.com
tahira@fortenberryfirm.com
Forten Berry Firm PLLC
17177 Preston Rd. Suite 390
Dallas, TX 75248

AND

Robert A. Thrasher
Phillip R. Martens
rthrasher@monseesmayer.com
rmartens@monseesmayer.com
Monsees & Mayer, P.C.
4717 Grand, Suite 820
Kansas City, Missouri 64112

**ATTORNEYS FOR PLAINTIFF**

/s/ Lorinda Holloway

HB: 4880-1186-5541.1