IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:24-CV-631-RP |
| | § | |
| ACE AMERICAN INSURANCE COMPANY, | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

**<u>ORDER</u>**

Before the Court is Defendants K-Kamps, Inc., Kanakuk Heritage, Inc., Kanakuk Ministries, Kanakuk Missouri, Inc., Joe White, and KuKorp, LLC's ("Kanakuk Defendants") Motion to Dismiss Counts I and II[1] of Plaintiff's Complaint, (Dkt. 19), and Defendant Ace American Insurance Company's ("Ace American Insurance") Motion to Dismiss for Failure to State a Claim, (Dkt. 21). Plaintiff John Doe ("Doe") filed responses to each brief, (Dkts. 26, 28), and the Kanakuk Defendants and Ace American Insurance filed replies, (Dkts. 27, 30). Having considered the parties' briefs, the evidence, and the relevant law, the Court finds that the Kanakuk Defendants' motion should be denied, and Ace American Insurance's motion should be granted.

**I. BACKGROUND**

This case arises out of sexual assault and abuse Doe experienced in his youth. His abuser, Pete Newman, was an employee at the summer camp he attended, Kanakuk Camps, which was run by the Kanakuk Defendants. Doe alleges Newman sexually abused and assaulted Doe between 1999 and 2003 on numerous occasions. (Dkt. 21, at 2). Newman, in 2009, confessed to multiple crimes

---

[1] Kanakuk Defendants' Motion is styled as "Motion to Dismiss Counts I and II of Plaintiff's Complaint." (Dkt. 19, at 1). The Court understands the Kanakuk Defendants to be referring to the fraud and conspiracy claims, which are labeled as Counts A and B in Plaintiff's complaint, (Dkt. 1-2 at 18–19), and addressed in the Kanakuk Defendants' Motion.

against multiple children, including Doe. (*Id.* at 3). Doe alleges that Defendant Joe White ("White"), President of Kanakuk Kamp, met with his parents in 2009 and told him that he did not know of Newman's sexual misconduct. (*Id.*). Doe alleges that White's representation that he and the Kanakuk Defendants had no knowledge of the abuse led him not to pursue personal injury litigation against them. (*Id.*). Now, Doe alleges it was revealed in 2022 and 2023 that the Kanakuk Defendants and White actually had extensive knowledge of Newman's sexual misconduct at the time.

Doe alleges he learned via an online article and documents released publicly through litigation that in 2010, the Kanakuk Defendants intended to write a letter to 8,000 families admitting they learned of Newman's abuse "several years ago" but "failed to take the necessary action." (*Id.* at 3–4). Also in 2010, the Kanakuk Defendants sent the proposed letter to their insurer, Ace American Insurance. (*Id.* at 4). Doe alleges Ace American Insurance told the Kanakuk Defendants that they "strongly recommended" not sending it and that the disclosures in the letter "may interfere with ACE's contractual right to defend claims" in their defense. (*Id.*). Doe alleges the Kanakuk Defendants decided not to send the proposed letter because of Ace American Insurance's advice. Doe brought claims against both the Kanakuk Defendants and Ace American Insurance for fraud and conspiracy, and against the Kanakuk Defendants for breach of fiduciary duty, negligence, and gross negligence. (*Id.* at 5).

## II. LEGAL STANDARD

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for

entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### III. DISCUSSION

After considering both motions, the Court finds that (1) Doe has plausibly alleged tolling of the statute of limitations for his fraud and conspiracy claim against the Kanakuk Defendants and (2) Doe has not alleged facts which give rise to a fraud or conspiracy claim against Ace American Insurance. As such, the Court will deny the Kanakuk Defendants' Motion to Dismiss and grant Ace American Insurance's Motion to Dismiss.

#### A. Kanakuk Defendants' Motion

The Kanakuk Defendants raise a statute of limitations defense arguing that Doe was required to file his claims no later than 2013 based on the four-year statute of limitations under

Texas law for fraud and conspiracy claims. (Dkt. 19, at 10, 18). The Court finds that Doe has pleaded sufficient facts to plausibly state a claim that the statute of limitations is tolled. Moreover, Doe argues, (Dkt. 28, at 3), and the Court agrees, that the statute of limitations defense hinges on factual issues and cannot be resolved at this stage. Rather, it "must be proven at trial or through summary judgment proceedings." *In re K.B.S.*, 172 S.W.3d 152, 153 (Tex. App.—Beaumont 2005, pet. denied) (citing *Velsicol Chem. Corp. v. Winograd*, 956 S.W.2d 529, 530 (Tex. 1997))); *see also Montgomery Cnty. v. Fuqua*, 22 S.W.3d 662, 669 (Tex. Ct. App.—Beaumont 2000, pet. denied).

More specifically, Doe has pled two theories for why the statute of limitations should be tolled in his case. First, Doe argues that the discovery rule defers the accrual of the cause of action. Under Texas law, the discovery rule applies when "the nature of the plaintiff's injury is both inherently undiscoverable and objectively verifiable." *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734 (Tex. 2001). In other words, to survive a Rule 12(b)(6) motion on the theory that the discovery rule applies, Doe must plead facts showing that (1) the nature of his injuries resulting from fraud and conspiracy were not discoverable to him until four years or less before he filed the instant suit; and (2) the evidence of the injury is objectively verifiable. *Id.*

Doe has met his burden of plausibly alleging facts which support the application of the discovery rule. "'Discovery' does not mean 'actual knowledge of the particulars of a cause of action,' but whether the plaintiff has 'knowledge of facts which would cause a reasonable person to diligently make inquiry to determine his or her legal rights.'" *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 402–03 (5th Cir. 1998) (quoting *Vaught v. Showa Denko K.K.*, 107 F.3d 1137, 1140, 1141–42 (5th Cir. 1997)); *see also Eberhardt v. Merck & Co. Inc.*, 106 F. App'x 277, 278 (5th Cir. 2004). "To be 'inherently undiscoverable,' an injury need not be absolutely impossible to discover, else suit would never be filed and the question whether to apply the discovery rule would never arise . . . An injury is inherently undiscoverable if it is by nature unlikely to be discovered within the prescribed

4

limitations period despite due diligence." *S.V. v. R.V.*, 933 S.W.2d 1, 7 (Tex. 1996). "[T]he discovery rule exception should be permitted only in circumstances where 'it is difficult for the injured party to learn of the negligent act or omission.'" *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 456 (Tex. 1996) (quoting *Willis v. Maverick*, 760 S.W.2d 642, 645 (Tex. 1988)). Doe alleges that the Kanakuk Defendants withheld their knowledge of Newman's behavior and told his parents they had no prior knowledge of sexual misconduct committed by Newman. (Dkt. 1-2, at 12). Doe also alleges that he did not know that the Kanakuk Defendants knew about Newman's sexual misconduct well before 2009 until 2022 when the information was revealed to him for the first time via an online article. (Dkt. 28, at 6). Doe argues that information confirming Kanakuk Defendants' knowledge of the abuse was not publicly available until 2023. (*Id.*). Taken as true, Doe has plausibly alleged that it would have been difficult to learn of the misrepresentation in 2013, that he was unlikely to be able to do so, and that he acted with diligence in investigating his rights.

      The Kanakuk Defendants argue that Doe could have, through reasonable diligence, discovered his cause of action before 2013 such that the discovery rule would not apply. It is true that if the relevant information is "readily accessible and publicly available," then a court can determine on the pleadings that the discovery rule does not apply; otherwise, whether a party could have discovered the information with reasonable diligence is "generally a fact question for the jury." *Seismic Wells, L.L.C. v. Sinclair Cos.*, 749 F. App'x 225, 231 (5th Cir. 2018). Reasonable diligence requires a plaintiff to "further investigate[] the cause of [their] injuries" once they harbor "serious suspicions about the cause of [their] injury." *BNSF Ry. Co. v. Phillips*, 485 S.W.3d 908, 913 (Tex. 2015). However, the Kanakuk Defendants, to support their argument that the information was available and could have been discovered with reasonable diligence, offer only that "the reports of sexual misconduct involving Newman received by Kanakuk were cited in several other lawsuits against Kanakuk brought by other camp attendees, long before the four-year limitations expired." (Dkt. 19, at 15).

While it may be true that other lawsuits (which are a matter of public record) involved those allegations, the Kanakuk Defendants cite no publicly available sources showing they had prior knowledge of Newman's misconduct until the 2022 article and 2023 letter. (Dkt. 19, at 16). Without more, the filing of lawsuits alone does not create readily accessible, publicly available information. The existence of allegations in prior lawsuits do not conclusively establish that those allegations are true, nor are they necessarily discoverable to Doe with reasonable diligence. As such, the Court does not find based on the pleadings that Doe could have discovered the facts giving rise to his injury with reasonable diligence before 2013.

Oddly, too, the Kanakuk Defendants argue that because Doe was aware that "potential other victims existed," Doe could have discovered his alleged injuries with reasonable diligence. (Dkt. 19, at 16). Again, that argument misses the mark. Doe alleges that he did not have information before 2022 that would lead him to believe the Kanakuk Defendants misrepresented their lack of knowledge about Newman's history of sexual abuse to his parents in 2009. That Doe knew that he experienced sexual abuse, or that Doe knew before 2013 that Newman also victimized other children, does not negate his argument that the alleged misrepresentation by Kanakuk Defendants caused him not to have the facts necessary to file a personal injury suit at the time.

Finally, the Kanakuk Defendants argue that even if Doe's injuries were "inherently undiscoverable," the discovery rule does not toll the statute of limitations because the question of whether he would have filed a personal injury claim before 2013 if not for the Kanakuk Defendants' misrepresentations in 2009 cannot "be verified by direct, physical evidence." (Dkt. 19, at 17). But, this is an evidentiary issue, and the Court cannot dismiss Doe's claims on this ground. Rather, the Court must take Doe's allegations that he would have filed a personal injury suit against Kanakuk Defendants before 2013 if not for their misrepresentations as true at this stage of the litigation.

Because Doe has plausibly alleged that the discovery rule tolls the statute of limitations as to his fraud and conspiracy claims against the Kanakuk Defendants, the Court will deny the Kanakuk Defendants' motion to dismiss.[2]

### A. Ace American Insurance Motion

As to Doe's fraud claim against Ace American Insurance, the Court will grant Ace American Insurance's motion to dismiss because Doe has not pleaded fraudulent statements Ace American Insurance made. Ace American Insurance raises in its Motion to Dismiss that fraud claims are subject to a heightened pleading requirement. Fed. R. Civ. P. 9(b). Pleading fraud under Rule 9(b) requires stating "with particularity the circumstances constituting fraud." To overcome a Rule 12(b)(6) motion as to the fraud claim, Doe must allege (1) specific statements that he contends were fraudulent; (2) identify the speaker of the statements; (3) state where and when the statements were made; and (4) explain why the statements were fraudulent. *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009).

Doe has not met this heightened pleading standard for fraud. Doe alleges that Ace American Insurance told Kanakuk Defendants it advised against sending a letter to 8,000 families admitting knowledge of Newman's sexual misconduct. Doe has not, however, alleged that Ace American Insurance made any misrepresentation in that statement. So too, Doe does not allege Ace American Insurance made any statements, or any false statements, to himself or his parents. Rather, Doe alleges that he acted on White's misrepresentations when White met with his parents in 2009 on behalf of Kanakuk Defendants. Doe's fraud allegations are not specific to Ace American Insurance. As such, the Court will dismiss Doe's claim for fraud against Ace American Insurance.

---

[2] Having found that Doe plausibly alleged a theory for tolling the statute of limitations as to Kanakuk Defendants, the Court need not consider the parties' arguments as to the fraudulent concealment doctrine.

7

Doe's claims against Ace American Insurance for conspiracy likewise fail. A civil conspiracy is an intentional tort, defined as "a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means." *Firestone Steel Products Co. v. Barajas*, 927 S.W.2d 608, 614 (Tex. 1996). A civil conspiracy requires specific intent to cause injury and "one cannot agree, expressly or tacitly, to commit a wrong about which he has no knowledge." *Id.* Doe does not plead any specific facts that show Ace American Insurance acted with intent to commit fraud by advising Kanakuk Defendants against sending a letter in 2010 to 8,000 families admitting to their knowledge of Newman's sexual misconduct. Rather, the misrepresentation Doe alleges occurred in 2009, when White visited his house and told him on behalf of Kanakuk Defendants that he did not know about Newman's sexual abuse before 2009. Nothing Doe has alleged would show that Ace American Insurance intended for White to misrepresent Kanakuk Defendants' knowledge in the 2009 meeting with Doe's parents, or knew of that meeting. Rather, the allegations show that Ace American Insurance advised against sending a particular letter admitting fault to 8,000 families in 2010, on the grounds that it would have incurred legal liability. Not sending this particular letter is not, by itself, an unlawful act, and advising a client on how to manage liability by advising against a particular public admission is not, by itself, an unlawful purpose. For those reasons, Doe's allegations against Ace American Insurance do not give rise to a conspiracy claim.

For the foregoing reasons, the Court will grant the Ace American Insurance's motion to dismiss Doe's claims against it.

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that the Kanakuk Defendants' Motion to Dismiss Counts I and II of Plaintiff's Complaint, (Dkt. 19), is **DENIED**. Defendant Ace American Insurance's Motion to Dismiss for Failure to State a Claim, (Dkt. 21), is **GRANTED**.

**SIGNED** on January 7, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE