IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:24-CV-631-RP |
| | § | |
| | § | |
| KANAKUK KAMPS, INC., et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Defendants K-Kamps, Inc., Kanakuk Heritage, Inc., Kanakuk Kamps, Inc., Kanakuk Ministries, Kanakuk Missouri, Inc., KuKorp, LLC, and Joe White's ("Defendants") Objections to the United States Magistrate Judge's Order Granting Plaintiff's Motion to Compel Non-Party Child Sexual Abuse Victims' Identifying Information, (Dkt. 72), to which Plaintiff John Doe ("Plaintiff") filed a response, (Dkt. 74). Also before the Court is Defendants' Motion to Stay, in Part, the Magistrate Judge's Order Pending Resolution of Rule 72 Objections, (Dkt. 65), and responsive briefing. Having considered the parties' briefing, the law, and the record in this case, the Court will overrule the objections, (Dkt. 72), and dismiss the Motion to Stay, (Dkt. 65), as moot.

## I. BACKGROUND

Plaintiff is a former attendee of summer camps run by Defendants. Plaintiff sues alleging Defendants' negligence in failing to prevent his sexual abuse by a camp counselor and, later, camp manager, Pete Newman, between 1999 and 2003. (Compl., Dkt. 1-2, at 6−18). The Court granted in part and denied in part Defendants' motion to dismiss, (Dkt. 39), and the parties proceeded to discovery. Plaintiff moved to compel Defendants to respond to certain discovery requests. (Dkt. 50). Plaintiff's request included unredacted information about Newman's other victims, such as their names, parents' names, contact information, statements, and certain job information, which would

be protected from public disclosure through the parties' agreed Protective Order, (Dkt. 44).

(Advisory, Dkt. 61, at 2). United States Magistrate Judge Dustin Howell, upon referral from this

Court pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of

Appendix C of the Local Rules of the United States District Court for the Western District of Texas,

issued an order on August 28, 2025, granting Plaintiff's Motion. (Dkt. 63). Defendants objected to

the Order, (Dkt. 72), and moved to stay the Order pending resolution of their objections, (Dkt. 65).

## II.  LEGAL STANDARD

A district judge may reconsider any pretrial matter determined by a magistrate judge where it

has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A). District courts apply a "clearly erroneous" standard when reviewing a

magistrate judge's ruling under the referral authority of that statute. *Castillo v. Frank*, 70 F.3d 382,

385 (5th Cir. 1995). The clearly erroneous or contrary to law standard of review is "highly

deferential" and requires the court to affirm the decision of the magistrate judge unless, based on the

entire evidence, the court reaches "a definite and firm conviction that a mistake has been

committed." *Gomez v. Ford Motor Co.*, No. 5:15-CV-866-DAE, 2017 WL 5201797, at *2 (W.D. Tex.

Apr. 27, 2017) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). The clearly

erroneous standard "does not entitle the court to reverse or reconsider the order simply because it

would or could decide the matter differently." *Id.* (citing *Guzman v. Hacienda Records & Recording

Studio, Inc.*, 808 F.3d 1031, 1036 (5th Cir. 2015)).

## III.  DISCUSSION

It was not erroneous for the United States Magistrate Judge to grant Plaintiff's Motion to

Compel. The United States Magistrate Judge elaborated on his reasons for his decision in the

hearing held on the motion to compel on August 28, 2025. While the United States Magistrate Judge

considered Defendants' argument that the privacy of the individuals Newman abused should be

maintained, even from lawyers and court staff involved in the case, to the extent possible, the United States Magistrate Judge found that the information was relevant, could allow Plaintiff to better present his case to the jury, and was discoverable as a result. More specifically, at the close of the hearing, the United States Magistrate Judge found that Plaintiff sufficiently established that the information about other victims of Newman relates to Plaintiff's negligence and gross negligence claims about fraudulent concealment, and that some of the other victims or their parents may be called as fact witnesses at trial. The United States Magistrate Judge also noted that, to prevent public disclosure of individuals' private information, Defendants could move to file documents under seal, in addition to following the procedures outlined in the parties' agreed Protective Order, (Dkt. 44). The United States Magistrate Judge incorporated this reasoning in his Order granting Plaintiff's Motion to Compel. (Dkt. 63).

Having reviewed the ruling and the reasons stated on the record, the Court finds no plain legal error in the United States Magistrate Judge's decision. The scope of discovery is broad; parties may obtain "discovery regarding any nonprivileged matter that is relevant to [their] claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Defendants object to the Order because Plaintiff's request encompasses sensitive information about victims and witnesses who reported abuse occurring after the time of Plaintiff's abuse. (Dkt. 72, at 7). However, the Court disagrees that post-2003 witness information is necessarily irrelevant or disproportionate to Plaintiff's claims. Individuals experiencing abuse by Newman after Plaintiff's abuse occurred still could provide information about the pre-2003 period, or about Defendants' practices and response. So too, giving Defendants the ability to unilaterally decide whose information to disclose based on their interpretation of dates in the relevant documents would allow Defendants to withhold arguably relevant witness information from Plaintiff. Regardless, the standard to overrule the decision of the United States Magistrate Judge would require that this Court find the record leaves it with a definite,

firm conviction of a mistake; it is not enough for Defendants to show that the United States

Magistrate Judge could have reached a different decision. *Gomez*, 2017 WL 5201797, at *2. Thus, in

the absence of clear error, this Court overrules Defendants' objections and affirms the Order, (Dkt.

63).

## IV.  CONCLUSION

Upon its own review, this Court finds that the United States Magistrate Judge's Order was

not clearly erroneous or contrary to law. The Court therefore **AFFIRMS** the Order and overrules

Defendants' objections.

Because the Court has ruled on Defendants' Objections, Defendants' Motion to Stay, (Dkt.

65), is **MOOT**.

**SIGNED** on September 23, 2025.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE